# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Whaleco Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TemuExpress.com, et al.,<br><br>　　　　　Defendants. | No. CV-23-02243-PHX-MTL<br><br>**AMENDED TEMPORARY RESTRAINING ORDER** |

This matter is before the Court on Plaintiff Whaleco Inc.'s Ex Parte Motion for Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction (Doc. 8). Plaintiffs seek a temporary retraining order against <TemuExpress.com>, <TemuGivesBack.com>, <Temuinternationality.com>, <Temua.cc>, <Temu688.com>, <Temufun.com> (together, the "Infringing Domain Names"), and John Does #1-20. The Court held an ex parte hearing on the Motion on November 3, 2023. After considering the papers submitted, and for the reasons stated on the record,

**IT IS ORDERED granting** Plaintiff's Motion (Doc. 8) to the extent that the Court hereby issues the following Temporary Restraining Order, which supersedes the Court's previous Temporary Restraining Order (Doc. 13).

1.　Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them, are temporarily restrained from infringing upon the TEMU marks, or Plaintiff's rights therein, or using or exploiting such, by:

      A.      Using the TEMU marks or any reproduction, counterfeit, copy, or colorable imitation of the TEMU marks for and in connection with any goods, services, or their packaging;

      B.      Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiff's business reputation, or to dilute the distinctive quality of the TEMU mark;

      C.      Engaging in acts that constitute trademark infringement, counterfeiting, dilution, false designation of origin, cybersquatting, or unfair competition under the laws of the United States and the State of Arizona and that would damage or injure Plaintiff's business reputation or damage or dilute the value of Plaintiff's trademarks;

      D.      Using, linking, transferring, selling, exercising control over, or otherwise owning the Infringing Domain Names or any other domain name that incorporates, in whole or in part, any of the TEMU marks, or any domain name that is used in connection with an infringing website or page;

      E.      Creating, operating, owning, overseeing, or otherwise exercising control over any infringing website, web page, or parked page, incorporating, including, or otherwise displaying the TEMU mark, or any version of Plaintiff's name in promotional, advertising, or pay per click campaigns;

      F.      Effecting any assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding any of the prohibitions set forth in this Order.

2.      GoDaddy.com LCC (pursuant to FRCP 65(d)(2)(C)), or its authorized agents or representative, shall within one day of notice of this Order place the Infringing Domain Names on registry lock, making the domain names non-transferable by Defendants, and on registry hold, which prevents any website associated with the domain names from resolving when queried by a browser.

3.      GoDaddy.com LLC (pursuant to FRCP 65(d)(2)(C)), or its authorized agents

or representative, shall within one day notice of this Order disable the domain name server information for each of the Infringing Domain Names, rendering the domain names inaccessible.

4. Domains by Proxy, LLC (pursuant to FRCP 65(d)(2)(C)), or its authorized agents or representative is directed to disclose to Plaintiff the identities and all contact information for those who registered the Infringing Domain Names (including, but not limited to, name, physical and email addresses, and phone number(s)) and provide the same to Plaintiff within three (3) business days from the date of service of this Order.

5. For good cause shown, the Court authorizes alternative personal service as follows: Plaintiff shall initiate contact with the ultimate licensee(s) of the Infringing Domain Names through the "Contact Domain Holder" contact page at GoDaddy.com to advise of the pendency of this lawsuit, this Order, and the relief sought in the suit. Plaintiff shall also email serve all pleadings in this case (including Summons and Complaint) by email to complaint.com@domainsbyproxy.com. Once the direct email address of the ultimate licensee(s) is/are obtained, all papers in this case shall be served by email sent to that/those address(es) as well. Email service to the(se) email address(es) shall constitute personal service effective upon transmission. The Court finds said means reasonably calculated to effect service, provide actual notice to Defendants, and to comport with due process.

6. Plaintiff shall make reasonable efforts at service on the ultimate licensee(s) of this TRO within two (2) business days of receiving notice that GoDaddy.com has disabled the Infringing Domain Names and placed them on registry lock and hold. Notice prior to such time is not required, and the Court finds that such prior notice creates a reasonable risk that effective relief will be thwarted.

7. Plaintiff shall post a bond of $1,000 to the Clerk of Court no later than November 8, 2023.

8. Pursuant to Federal Rule of Civil Procedure 65(b)(2), this Temporary Restraining Order shall be in effect until November 17, 2023 at 11:59 p.m. (Arizona time).

**IT IS FURTHER ORDERED** setting an in-person Preliminary Injunction Hearing for November 20, 2023 at 10:00 a.m. (Arizona time) in Courtroom 504, 401 West Washington Street, Phoenix, Arizona 85003 before Judge Michael T. Liburdi. Defendants shall appear and show cause why a preliminary injunction on the same terms shall not issue. Any opposition brief shall be due by November 14, 2023. Plaintiff may file a reply by December 4, 2023.

**IT IS FINALLY ORDERED** that Plaintiff shall, by November 17, 2023, file a notice advising the Court of whether Plaintiff intends to call witnesses at the Preliminary Injunction Hearing, and if so, who the witnesses are going to be, the subject matter of their testimony, and whether the witnesses request to appear telephonically.

Dated this 16th day of November, 2023.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge